1  BRIAN S. KABATECK, SBN 152054
   (bsk@kbklawyers.com)
2  RICHARD L. KELLNER, SBN 171416
   (rlk@kbklawyers.com)
3  ALFREDO TORRIJOS, SBN 222458
   (at@kbklawyers.com)
4  KABATECK BROWN KELLNER LLP
   644 South Figueroa Street
5  Los Angeles, California 90017
   Telephone: (213) 217-5000
6  Facsimile: (213) 217-5010

7  Attorneys for Plaintiffs
   and the Proposed Class
8
   BINGHAM MCCUTCHEN LLP
9  DONALD DAVIDSON (SBN 231908)
   KEVIN J. WOODS (SBN 214819)
10 Three Embarcadero Center
   San Francisco, CA 94111
11 Telephone: 415-393-2000
   Fax: 415-393-2286
12 donald.davidson@bingham.com
   kevin.woods@bingham.com
13
   BINGHAM McCUTCHEN LLP
14 MICHAEL D. BLANCHARD (*pro hac vice*)
   One State Street
15 Hartford, CT 06103-3178
   T 860.240.2700
16 F 860.240.2800
   michael.blanchard@bingham.com
17
   Attorneys for Defendants
18 Wells Fargo Advisors, LLC, Wells Fargo
   Advisors Financial Network, LLC, Wells
19 Fargo Securities, LLC, and Wells Fargo &
   Company

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THEODORE KAGAN, JAMES AVEN, LAURA JACOBS, JOSEPH SOFFE, and ALBERKRACK FAMILY LIMITED PARTNERSHIP, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br>vs.<br><br>WACHOVIA SECURITIES, LLC, a North Carolina limited liability company; WACHOVIA SECURITIES FINANCIAL NETWORK, LLC, a North Carolina limited liability company; WACHOVIA CAPITAL MARKETS, LLC, a North Carolina limited liability company; WELLS FARGO ADVISORS, LLC, a Delaware limited liability company; WELLS FARGO ADVISORS FINANCIAL NETWORK, LLC, a Delaware limited liability company; WELLS FARGO SECURITIES, LLC, a Delaware limited liability company; WELLS FARGO & COMPANY, a Delaware corporation and DOES 1 through 10, inclusive,<br><br>    Defendants | No. CV 09 5337 SC<br>Honorable Samuel Conti<br><br>**JOINT CASE MANAGEMENT STAT-EMENT**<br><br>Date: **May 7, 2010**<br>Time: 10:00 AM<br>Courtroom: 1 |

    This joint report follows the conference of counsel pursuant to Federal Rule of Civil Procedure 26(f), conducted on April 16, 2010 by counsel for Plaintiffs James Aven, Laura Jacobs, Theodore Kagan, Joseph Soffa and Alberkrack Family Limited Partnership, Kabateck Brown Kellner LLP, and counsel for Defendants Wells Fargo Advisors LLC (sued under its own name and also under the name "Wachovia Securities, LLC"), Wells Fargo Advisors Financial Network, LLC (sued under its own name and also under the name "Wachovia Securities Financial Network, LLC"), Wells Fargo Securities, LLC (sued under its own name and also under the name "Wachovia Capital Markets, LLC") and Wells Fargo & Company, Bingham McCutchen LLP.

# RESPONSES TO THE COURT'S STANDING ORDER

### 1. Jurisdiction and Service:

**Plaintiffs' Statement:** This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2) in that it is a class action filed under Rule 23 of the Federal Rules of Civil Procedure, the matter in controversy, as aggregated pursuant to 28 U.S.C. § 1332(d)(6) exceeds the sum of $5,000,000 exclusive of interest and costs, and a substantial number of members of the class of plaintiffs are citizens of a state different from Defendants.

There are no outstanding parties to be served.

**Defendants' Statement:** Defendants agree that venue appears to be proper, that no parties remain to be served, and that no issues appear to exist regarding personal jurisdiction. On information and belief, Defendants are uncertain whether this Court has subject matter jurisdiction over this action with respect to the amount in controversy requirements pursuant to 28 U.S.C. § 1332(d)(6).

### 2. Facts:

**Plaintiffs' Statement:** Plaintiffs were all the beneficial owners of securities issued by the Asia Pulp & Paper Company, Ltd ("APP"). Defendants, or their predecessors in interest, were the nominee owners of the APP securities. In 2001, APP was sued in the United States District Court for the Southern District of New York. The complaint alleged that the plaintiffs and other members of the class purchased or acquired publicly traded securities of APP at artificially inflated prices as a result of APP's dissemination of materially false and misleading statements in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, Rule 10b-5 promulgated thereunder, and Sections 11, 12(A)(2) and 15 of the Securities Act of 1933.

On October 18, 2005, the District Court preliminarily approved a settlement of the action. The preliminary approval order required all nominee owners of APP securities to either forward copies of the notice of settlement and proof of claim to the beneficial owners or to provide a list of names and addresses of the beneficial owners to the settlement administrator. The notice of settlement contained similar instructions to the nominee owners.

Defendants, or their predecessors in interest, failed to either forward notice of the settlement to Plaintiffs and the Class or to identify Plaintiffs and the Class so that notice could have been sent by the settlement administrator.

**Defendants' Statement:** Defendants deny liability as to Plaintiffs' claims individually and with respect to any purported class, as will be elaborated in Defendants' answer to the complaint, should an answer be required. Defendants submit that the factual issues in dispute will be identified as the case progresses.

3. **Legal Issues:**

**Plaintiffs' Statement:** The key issue in this case is whether Defendants' failure to comply with the District Court's preliminary approval order amounts to negligence, breach of fiduciary duty, or breach of contract.

**Defendants' Statement:** Defendants at present maintain that numerous legal issues bar recovery for Plaintiffs or the alleged class and preclude this case from being prosecuted as a class action, including, but not limited to, the following:

- Plaintiffs' claims are barred by the applicable statute of limitations (Cal. Code Civ. Proc. § 339(1));
- Defendants did not breach any contract with Plaintiffs, including the implied covenant of good faith and fair dealing;
- Defendants' alleged conduct was not negligent;
- Defendants owed no fiduciary duties to Plaintiffs giving rise to a claim for breach based upon the alleged conduct;
- Plaintiffs suffered no damages, harm or loss proximately caused by Defendants' alleged conduct; and
- The requirements for class certification cannot be met. Fed. R. Civ. P. 23.

4. **Motions:**

**Plaintiffs' Statement:** Plaintiffs intend on filing a motion for class certification. Plaintiffs reserve the right to file motions as the case develops.

**Defendants' Statement:** Defendants currently anticipate filing dispositive motions, likely including a motion to dismiss pursuant to Rule 12(b)(6) and, if necessary, a motion for summary judgment pursuant to Rule 56. Defendants expect that these dispositive motions may address, in addition to other issues identified as the case progresses, any or all of the following: statute of limitations; failure to state a claim; subject matter jurisdiction.

5. **Amendment of Pleadings:**

**Plaintiffs' Statement:** None at this time.

**Defendants' Statement:** Defendants have not yet filed an Answer in this case.

6. **Evidence Preservation:**

**Plaintiffs' Statement:** The Plaintiffs agree that they will preserve all evidence relevant to the issues in this action.

**Defendants' Statement:** Defendants have ensured that no electronic or hard copy evidence relevant to issues reasonably evident in this action will be destroyed.

7. **Initial Disclosures:**

**Plaintiffs' Statement:** Initial disclosures are due April 27, 2010. Plaintiffs propose extending the deadline to May 14, 2010.

**Defendants' Statement:** Defendants agree to extending the deadline for initial disclosures to May 14, 2010.

8. **Discovery:**

The Parties represent to the Court that they have in good faith engaged in substantial discussions concerning the allegations of the complaint and the factual circumstances related thereto, including Defendants providing to Plaintiffs documentary information regarding the Plaintiffs' claims. The Parties agree that the outcome of those ongoing discussions may result in agreements that significantly limit the scope of this litigation, the issues to be decided, the discovery required and other pretrial proceedings. The Parties believe that the continuance and conclusion of those discussions may significantly benefit the Court and the Parties in terms of conservation of resources, and ultimately the efficient resolution of this action. Accordingly, the Parties preface that while the dates provided herein are given in compliance with this Court's pretrial requirements, the Parties expect that these dates may require alteration depending on the outcome of the Parties ongoing discussions.

**Plaintiffs' Statement:** No formal discovery has taken place but the parties have been engaged in substantial informal discovery. The parties are in the process of preparing their Rule 26(a) written disclosures. Plaintiffs anticipate that depositions, interrogatories, request for admissions and request for production of documents within the scope permitted by the rules will be needed.

A. Plaintiffs propose extending the deadline to exchange initial disclosures to May 14, 2010.

B. Discovery will be needed regarding the identity of the beneficial owners of APP securities who did not receive notice of the settlement. Plaintiffs anticipate that discovery on class certification issues can be completed by September 1, 2010.

C. Issues regarding electronic information production will have to be addressed by Defendants as Plaintiffs are unaware of Defendants' information storage practices.

D. Privilege issues – none at this time.

E. The only change to the limits on discovery may be to increase the number of depositions allowed. However, this is too early to determine at this time.

**Defendants' Statement:**

A. Defendants agree to extending the deadline to exchange initial disclosures to May 14, 2010.

B. Defendants currently anticipate that discovery will be needed regarding Plaintiffs' alleged APP holdings, purchases and sales, alleged contractual agreements and class certification issues. If a class is certified, Defendants anticipate that similar discovery will be needed from each member of the class. Defendants submit that discovery should be bifurcated between class and merits issues. Defendants anticipate that discovery on class certification issues can be completed by September 1, 2010.

C. Defendants will coordinate with Plaintiffs in good faith regarding the most efficient means of completing electronic discovery.

D. Privilege issues – none at this time.

E. Defendants do not at this time anticipate any need for changes to the limitations on discovery provided by the Federal Rules of Civil Procedure.

9. **Class Actions:**

**Plaintiffs' Statement:** Pursuant to Local Rule 16-9(b), Plaintiff states:

(1) This action is maintainable as a class action pursuant to FRCP 23(a) and 23(b).

(2) Plaintiff describes the class as follows: *All individuals and entities who were members of the Asia Pulp & Paper Securities Litigation Settlement Class and who were the beneficial owners of Asia Pulp & Paper securities held by Wachovia.*

(3) Certification is appropriate because Defendants, or their predecessors in interest, failure to comply with the District Court's preliminary approval order uniformly prevented Plaintiffs and the Class from participating in the settlement.

(4) Plaintiffs propose filing their motion for class certification on or before September 1, 2010.

**Defendants' Statement:** Defendants deny that this action is maintainable as a class action.

**10. Related Cases:**

**Plaintiffs' Statement:** *Balkema v. Wachovia Securities, LLC, et al.*, (S.D. Ind. Case No. 09-cv-01457-RLY-DML).

**Defendants' Statement:** Defendants are not aware of any related cases other than *Balkema*, which Plaintiffs note above. Defendants note that *Balkema* raises substantively identical issues as this case.

**11. Relief:**

**Plaintiffs' Statement:** Plaintiffs seek to recover, on behalf of the class, the benefit they would have received from the settlement of the APP action.

**Defendants' Statement:** Defendants have not filed any counterclaim.

**12. Settlement and ADR:**

**Plaintiffs' Statement:** Plaintiffs are willing to participate in good faith Alternative Dispute Resolution proceedings.

**Defendants' Statement:** Defendants believe ADR is currently premature, pending the parties informal discussions.

**13. Consent to Magistrate Judge for all Purposes:**

**Plaintiffs' Statement:** Plaintiffs do not consent to a Magistrate Judge.

**Defendants' Statement:** Defendants do not consent to a Magistrate Judge.

**14. Other References:**

**Plaintiffs' Statement:** This case is currently not suitable for other references.

**Defendants' Statement:** Defendants do not believe that this action is suitable for reference to binding arbitration or a special master. Defendants reserve their rights to seek assignment of this case, along with the *Balkema* case noted *supra*, to the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues:**

**Plaintiffs' Statement:** Plaintiffs have not identified any issues that can be narrowed by agreement or by motion.

**Defendants' Statement:** In the event that Defendants' anticipated motion to dismiss is not granted, Defendants believe that some or all of Plaintiffs' claims can be eliminated or narrowed by summary judgment or partial summary judgment.

16. **Expedited Schedule:**

**Plaintiffs' Statement:** This is not a type of case that can be handled on an expedited basis with streamlined procedures.

**Defendants' Statement:** Defendants agree that this is not a type of case that can be handled on an expedited basis with streamlined procedures.

17. **Scheduling:**

**Plaintiffs' Statement:** Plaintiffs propose the following dates:

| | |
|---|---|
| November 15, 2010 | Expert Designation |
| January 14, 2011 | Discovery cutoff |
| January 14, 2011 | Dispositive motion hearing cutoff |
| January 31, 2011 | Pretrial Conference |
| February 14, 2011 | Trial |

**Defendant's Statement:** Defendants propose the following dates:

| | |
|---|---|
| February 15, 2011 | Fact discovery completed |
| March 15, 2011 | Dispositive motions filed |
| March 15, 2011 | Plaintiff(s) shall disclose the name, address, and vita of all expert witnesses, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) on or before March 15, 2011. However, if Plaintiff uses expert witness testimony at the summary judgment stage, such disclosures must be made no later than 60 days prior to the summary judgment deadline. |
| April 15, 2011 | Defendant(s) shall disclose the name, address, and vita of all expert witnesses, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) within 30 days after Plaintiff(s) serves its expert witness disclosure; or if none, Defendant(s) shall make its expert disclosure on |

| | |
|---|---|
| | or before April 15, 2011. However, if Defendant uses expert witness testimony at the summary judgment stage, such disclosures must be made no later than 30 days prior to the summary judgment deadline. |
| June 15, 2011 | Expert discovery completed |
| July, 2011 | Pretrial Conference |
| September, 2011 | Trial |

**18.   Trial:**

**Plaintiffs' Statement:**   Plaintiffs estimate seven to ten days for trial. Plaintiffs request a jury for those issues that are properly before a jury.

**Defendants' Statement:**   In the event that dispositive motions are not granted and any issues alleged in the Complaint remain, Defendants request a one week bench trial.

**19.   Disclosure of Non-party Interested Entities or Persons:**

**Plaintiffs' statement:**   Plaintiffs have filed a "Certification of Interested Entities or Persons' pursuant to Civil Local Rule 3-16, and hereby restate that (i) no persons, firms, partnerships corporations or other entities have a financial interest in the subject matter in controversy or in a party to the proceeding; and (ii) no persons, firms, partnerships corporations or other entities have any other kind of interest that could be substantially affected by the outcome of the proceeding.

**Defendants' statement:**   Defendants file their Certificate of Interested Entities or Persons simultaneously with this Joint Case Management Statement. Defendants restate that the interested entities identified in the certificate are: Wachovia Securities Financial Holdings, LLC, Wachovia Securities Holdings, LLC, EVEREN Capital Corporation, A.G. Edwards, Inc., and Wachovia Bank, N.A.

//
//
//
//
//
//
//
//
//

**20. Other Matters:**

No other matters at this time.

DATED: April __, 2010   By: _____
KABATECK BROWN KELLNER LLP
Brian S. Kabateck
Richard L. Kellner
Alfredo Torrijos
*Counsel for Plaintiffs and the proposed class*

DATED: April 27, 2010   By: _____
BINGHAM McCUTCHEN LLP
Donald S. Davidson
Michael D. Blanchard
Kevin J. Woods
*Counsel for Defendants*

A/73346024.2

11