| | |
|---|---|
| 1 | BRIAN S. KABATECK, SBN 152054 (bsk@kbklawyers.com) |
| 2 | RICHARD L. KELLNER, SBN 171416 (rlk@kbklawyers.com) |
| 3 | ALFREDO TORRIJOS, SBN 222458 (at@kbklawyers.com) |
| 4 | KABATECK BROWN KELLNER LLP 644 South Figueroa Street |
| 5 | Los Angeles, CA 90017 Telephone: (213) 217-5000 |
| 6 | Facsimile: (213) 217-5010 |
| 7 | Attorneys for Plaintiffs and the proposed class |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE KAGAN, JAMES AVEN, FRANCES LEVY, ELAINE SOFFA, JOSEPH SOFFA, and ALBERKRACK FAMILY LIMITED PARTNERSHIP, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WACHOVIA SECURITIES, L.L.C., a North Carolina limited liability company; WACHOVIA SECURITIES FINANCIAL NETWORK, L.L.C., a North Carolina limited liability company; WACHOVIA CAPITAL MARKETS, L.L.C., a North Carolina limited liability company; WELLS FARGO ADVISORS, L.L.C., a Delaware limited liability company; WELLS FARGO ADVISORS FINANCIAL NETWORK, L.L.C., a Delaware limited liability company; WELLS FARGO SECURITIES, L.L.C., a Delaware limited liability company;WELLS FARGO & COMPANY, a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. CV 09 5337 SC<br><br>Hon. Samuel Conti<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiffs, THEODORE KAGAN, JAMES AVEN, FRANCES LEVY, ELAINE SOFFA, JOSEPH SOFFA, and ALBERKRACK FAMILY LIMITED PARTNERSHIP ("Plaintiffs"), individually and on behalf of the Class described below, by their attorneys, make the following allegations based upon information and belief, except as to allegations specifically pertaining to Plaintiffs and their counsel, which are based on personal knowledge. Plaintiffs bring this action for damages against Defendants, demanding a trial by jury.

## NATURE OF THE ACTION

1. Plaintiffs bring this class action against Defendants WACHOVIA SECURITIES, L.L.C., WACHOVIA SECURITIES FINANCIAL NETWORK, L.L.C., WACHOVIA CAPITAL MARKETS, L.L.C., WELLS FARGO ADVISORS, L.L.C., WELLS FARGO ADVISORS FINANCIAL NETWORK, L.L.C., WELLS FARGO SECURITIES, L.L.C., and WELLS FARGO & COMPANY ("Wachovia") to recover damages and other relief available at law and in equity on behalf of themselves as well as on behalf of the members of the following class:

> *All individuals and entities who were members of the Asia Pulp & Paper Securities Litigation Settlement Class and who were the beneficial owners of Asia Pulp & Paper securities held by Wachovia.*

2. In August 2001, Asia Pulp and Paper Company, Ltd. was sued in the United States District Court for the Southern District of New York for making materially false and misleading statements in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, Rule 10b-5 promulgated thereunder, and Sections 11, 12(A)(2) and 15 of the Securities Act of 1933. The parties to the litigation reached a class settlement which was preliminarily approved by the District Court on October 18, 2005.

3. This action arises from the fact that Wachovia, as the nominee purchaser, failed to give notice to the beneficial owners of Asia Pulp & Paper securities, as ordered by the District Court in its Order preliminarily approving the class settlement. This failure resulted in the

**FIRST AMENDED CLASS ACTION COMPLAINT**

beneficial owners losing any chance of recovery under the settlement agreement.

## THE PARTIES

2. Plaintiff Theodore Kagan ("Plaintiff Kagan") is a resident of Marin County, California. He was the beneficial owner of Asia Pulp & Paper securities held by Wachovia.

3. Plaintiff James Aven ("Plaintiff Aven") is a resident of Bristol County, Massachusetts. He was the beneficial owner of Asia Pulp & Paper securities held by Wachovia.

4. Plaintiff Frances Levy ("Plaintiff Levy") is a resident of Tulare County, California. She is the trustee of the Laura A. Jacobs Trust, which was the beneficial owner of Asia Pulp & Paper securities held by Wachovia.

5. Plaintiff Elaine Soffa is a resident of Clark County, Nevada. She was the beneficial owner of Asia Pulp & Paper securities held by Wachovia.

6. Plaintiff Joseph Soffa is a resident of Clark County, Nevada. He was the beneficial owner of Asia Pulp & Paper securities held by Wachovia.

7. Plaintiff Alberkrack Family Limited Partnership ("Plaintiff Alberkrack Family LP") is a Nevada limited partnership. It was the beneficial owner of Asia Pulp & Paper securities held by Wachovia.

8. Plaintiffs are informed and believe and thereon allege that defendant Wachovia Securities, L.L.C. is a North Carolina limited liability company doing business in the State of California. Wachovia Securities, L.L.C.'s principal place of business is located in Virginia.

9. Plaintiffs are informed and believe and thereon allege that defendant Wachovia Securities Financial Network, L.L.C. is a North Carolina limited liability company doing business in the State of California. Wachovia Securities Financial Network, L.L.C.'s principal place of business is located in Virginia.

10. Plaintiffs are informed and believe and thereon allege that defendant Wachovia Capital Markets, L.L.C. is a North Carolina limited liability company doing business in the State of California. Wachovia Securities Capital Markets, L.L.C.'s principal place of business is located in North Carolina.

**FIRST AMENDED CLASS ACTION COMPLAINT**

1      11.    Plaintiffs are informed and believe and thereon allege that defendant Wells Fargo Advisors, L.L.C. is a Delaware limited liability company doing business in the State of California. Wells Fargo Advisors, L.L.C.'s principal place of business is located in Virginia.

12.    Plaintiffs are informed and believe and thereon allege that defendant Wells Fargo Advisors Financial Network, L.L.C. is a Delaware limited liability company doing business in the State of California. Wells Fargo Advisors Financial Network, L.L.C.'s principal place of business is located in Virginia.

13.    Plaintiffs are informed and believe and thereon allege that defendant Wells Fargo Securities, L.L.C. is a Delaware limited liability company doing business in the State of California. Wells Fargo Securities, L.L.C.'s principal place of business is located in North Carolina.

14.    Plaintiffs are informed and believe and thereon allege that defendant Wells Fargo & Company is a Delaware corporation doing business in the State of California. Wells Fargo & Company's principal place of business is located in San Francisco, California.

15.    Plaintiffs do not know the true names or capacities of the persons or entities sued herein as DOES 1 to 10, inclusive, and therefore sues such defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each of the DOE defendants is in some manner legally responsible for the damages suffered by plaintiff and the members of the class as alleged herein. Plaintiff will amend this complaint to set forth the true names and capacities of these defendants when they have been ascertained, along with appropriate charging allegations, as may be necessary.

### JURISDICTION AND VENUE

16.    This Court has original jurisdiction over the claims asserted herein individually and on behalf of the class pursuant to 28 U.S.C. section 1332, as amended in February 2005 by the Class Action Fairness Act. Jurisdiction is proper because: (1) the amount in controversy in this class action exceeds five million dollars, exclusive of interest and costs; (2) the defendants have purposefully availed themselves of the privilege of conducting business activities within the

— 4 —
**FIRST AMENDED CLASS ACTION COMPLAINT**

State of California; and (3) a substantial number of the members of the proposed class are citizens of a state different from that of defendants.

17.   Venue is proper in this judicial district pursuant to 28 U.S.C. section 1391, as a substantial part of the events giving rise to the claims asserted herein occurred in the Northern District of California.

**FACTUAL BACKGROUND**

18.   Under common industry practice, most publicly traded stock is held in the "street name" of brokerage houses for the benefit of their customers. Only brokerage houses or other "record owners" appear on official corporate transfer records. The actual interest in the stock (and consequently, the interest in any lawsuit relating to the stock) is that of the beneficial owner.

19.   On August 8, 2001, Asia Pulp & Paper Company, Ltd. ("APP") was sued in the United States District Court for the Southern District of New York. The case was entitled *Hertzberg, et al. v. Asia Pulp & Paper Company, Ltd., et al.*, No. 01 Civ. 7351 (LAK). The case was eventually consolidated with 11 other cases under the caption *In re Asia Pulp & Paper Securities Litigation*, Master File No. 00 Civ. 7351 (LAK) ("APP Litigation"). The consolidated complaint alleged that the plaintiffs and other members of the class purchased or acquired publicly traded securities of APP at artificially inflated prices as a result of APP's dissemination of materially false and misleading statements in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, Rule 10b-5 promulgated thereunder, and Sections 11, 12(A)(2) and 15 of the Securities Act of 1933.

20.   After more than three years of litigation, the parties to the APP Litigation reached a settlement agreement. The parties entered into a Stipulation of Settlement on October 11, 2005 and the District Court preliminarily approved the settlement on October 18, 2005.

21.   The October 18, 2005 Order preliminarily approving the settlement included the following provision:

> The Claims Administrator shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other

**FIRST AMENDED CLASS ACTION COMPLAINT**

persons or entities who purchased APP Instruments during the Class Period as record owners but not as beneficial owners. *Such nominee purchasers are directed, within seven (7) days of receipt of the Notice, to either forward copies of the Notice and Proof of Claim to their beneficial owners, or to provide the Claims Administrator with lists of the names and address of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such identified beneficial owners*.

[Exhibit A (emphasis added).]

22. The Notice of Pendency of Class Action and Proposed Settlement ("Official Notice"), as approved by the District Court and dated November 30, 2005, contained the following:

**SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES**

If you purchased any of the APP Instruments (as specified in response to question 1 on page 4 hereinabove) of Asia Pulp & Paper Company, Ltd. ("APP") and its subsidiaries during the period between August 28, 1998 and April 4, 2001, inclusive, for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased such stock during such time period or (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within seven (7) days mail the Notice and Proof of Claim form directly to the beneficial owners of the

>    securities referred to herein. If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Those expenses will be paid upon request and submission of appropriate supporting documentation.

[Exhibit B.]

23. Wachovia, as the nominal owner of APP securities for Plaintiffs and the Class, had a duty to comply with the court ordered notice provisions of the APP Litigation settlement.

24. Wachovia failed to either forward notice of the APP Litigation settlement to Plaintiffs and the Class or to identify Plaintiffs and the Class so that notice could have been sent by the settlement administrator.

25. Plaintiff Kagan was the beneficial owner of APP securities held by Wachovia. Plaintiff Kagan never received notice of the APP Litigation settlement. Plaintiff Kagan would have submitted a claim for and obtained a recovery under the APP Litigation settlement had Wachovia complied with the notice procedure ordered by the District Court.

26. Plaintiff Kagan was unaware of the APP Litigation. Plaintiff Kagan did not see the notice of class settlement published in either the *Wall Street Journal* or the *Financial Times* on an unknown date between October 13, 2005 and February 27, 2006. Plaintiff Kagan only learned of the settlement in the Summer of 2009 when he learned from his financial advisor that there was a settlement of the APP Litigation.

27. Plaintiff Aven was the beneficial owner of APP securities held by Wachovia. Plaintiff Aven never received notice of the APP Litigation settlement. Plaintiff Aven would have submitted a claim for and obtained a recovery under the APP Litigation settlement had

**FIRST AMENDED CLASS ACTION COMPLAINT**

1 Wachovia complied with the notice procedure ordered by the District Court.

2     28. Plaintiff Aven was unaware of the APP Litigation. Plaintiff Aven did not see the
3 notice of class settlement published in either the *Wall Street Journal* or the *Financial Times* on
4 an unknown date between October 13, 2005 and February 27, 2006. Plaintiff Aven only learned
5 of the settlement in the Summer of 2009 when he learned from his financial advisor that there
6 was a settlement of the APP Litigation.

7     29. Plaintiff Levy is the trust of the Laura A. Jacobs Trust, which was the beneficial
8 owner of APP securities held by Wachovia. Plaintiff Levy never received notice of the APP
9 Litigation settlement. Plaintiff Levy would have submitted a claim for and obtained a recovery
10 under the APP Litigation settlement had Wachovia complied with the notice procedure ordered
11 by the District Court.

12     30. Plaintiff Levy was unaware of the APP Litigation. Plaintiff Levy did not see the
13 notice of class settlement published in either the *Wall Street Journal* or the *Financial Times* on
14 an unknown date between October 13, 2005 and February 27, 2006. Plaintiff Levy only learned
15 of the settlement in the Summer of 2009 when she learned from her financial advisor that there
16 was a settlement of the APP Litigation.

17     31. Plaintiff Elaine Soffa was the beneficial owner of APP securities held by
18 Wachovia. Plaintiff Elaine Soffa never received notice of the APP Litigation settlement.
19 Plaintiff Elaine Soffa would have submitted a claim for and obtained a recovery under the APP
20 Litigation settlement had Wachovia complied with the notice procedure ordered by the District
21 Court.

22     32. Plaintiff Elaine Soffa was unaware of the APP Litigation. Plaintiff Elaine Soffa
23 did not see the notice of class settlement published in either the *Wall Street Journal* or the
24 *Financial Times* on an unknown date between October 13, 2005 and February 27, 2006. Plaintiff
25 Elaine Soffa only learned of the settlement in the Summer of 2009 when she learned from her
26 financial advisor that there was a settlement of the APP Litigation.

27     33. Plaintiff Joseph Soffa was the beneficial owner of APP securities held by
28 Wachovia. Plaintiff Joseph Soffa never received notice of the APP Litigation settlement.

**FIRST AMENDED CLASS ACTION COMPLAINT**

1  Plaintiff Joseph Soffa would have submitted a claim for and obtained a recovery under the APP
2  Litigation settlement had Wachovia complied with the notice procedure ordered by the District
3  Court.

4      34.    Plaintiff Joseph Soffa was unaware of the APP Litigation.  Plaintiff Joseph Soffa
5  did not see the notice of class settlement published in either the *Wall Street Journal* or the
6  *Financial Times* on an unknown date between October 13, 2005 and February 27, 2006.  Plaintiff
7  Joseph Soffa only learned of the settlement in the Summer of 2009 when he learned from his
8  financial advisor that there was a settlement of the APP Litigation.

9      35.    Plaintiff Alberkrack Family LP was the beneficial owner of APP securities held
10  by Wachovia.  Plaintiff Alberkrack Family LP never received notice of the APP Litigation
11  settlement.  Plaintiff Alberkrack Family LP would have submitted a claim for and obtained a
12  recovery under the APP Litigation settlement had Wachovia complied with the notice procedure
13  ordered by the District Court.

14      36.    Plaintiff Alberkrack Family LP was unaware of the APP Litigation.  Plaintiff
15  Alberkrack Family LP did not see the notice of class settlement published in either the *Wall
16  Street Journal* or the *Financial Times* on an unknown date between October 13, 2005 and
17  February 27, 2006.  Plaintiff Alberkrack Family LP only learned of the settlement in the Summer
18  of 2009 when it learned from its financial advisor that there was a settlement of the APP
19  Litigation.

20

21  **CLASS ACTION ALLEGATIONS**

22      37.    <u>Description of the Class</u>: Plaintiffs bring this nationwide class action on behalf of
23  themselves and a Class defined as follows:

24      *All individuals and entities who were members of the Asia Pulp &*
25      *Paper Securities Litigation Settlement Class and who were the*
26      *beneficial owners of Asia Pulp & Paper securities held by*
27      *Wachovia.*

28      38.    Excluded from the Class are governmental entities, Defendants, any entity in

— 9 —
**FIRST AMENDED CLASS ACTION COMPLAINT**

which Defendants have a controlling interest, and Defendants' officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns. Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

39. Plaintiffs reserve the right to modify the Class description and the Class period based on the results of discovery.

40. Plaintiffs and the Class bring this action for equitable, injunctive and declaratory relief pursuant to subdivisions (b)(1), (b)(2) and (b)(3) of rule 23 of the Federal Rules of Civil Procedure.

41. <u>Numerosity</u>: The proposed Class is so numerous that individual joinder of all its members is impracticable. The total number of Class members is at least in the thousands and members of the class are geographically dispersed across the United States. While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery. The disposition of the claims of the Class members in a single class action will provide substantial benefits to all parties and to the Court.

42. <u>Common Questions of Law and Fact Predominate</u>: There are questions of law and fact common to the representative Plaintiffs and the Class, and those questions substantially predominate over any questions that may affect individual Class members. Common questions of fact and law include, but are not limited to, the following:

    a. Whether Wachovia was negligent by failing to comply with the notice procedure ordered under the APP Litigation settlement;

    b. Whether Wachovia breach its fiduciary duties to Plaintiffs and the Class by failing to comply with the notice procedure ordered under the APP Litigation settlement;

    c. Whether Wachovia breached its contract with Plaintiffs and the Class by failing to comply with the notice procedure ordered under the APP Litigation settlement; and

— 10 —
**FIRST AMENDED CLASS ACTION COMPLAINT**

        d.      Whether the failure to comply with the notice procedure ordered under the APP Litigation settlement caused Plaintiffs' and the Class' damages.

43.    <u>Typicality</u>:  Plaintiffs' claims are typical of the claims of the members of the class. Plaintiffs and all members of the class have been similarly affected by Defendants' common course of conduct since their printers acted in exactly the same way.

44.    <u>Adequacy of Representation</u>:  Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs have retained counsel with substantial experience in prosecuting complex and class action litigation. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the Class, and have the financial resources to do so. Neither Plaintiffs nor their counsel have any interests adverse to those of the Class.

45.    <u>Superiority of a Class Action</u>:  Plaintiffs and the members of the Class suffered, and will continue to suffer, harm as a result of Defendants' unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the present controversy. Individual joinder of all members of the class is impractical. Even if individual class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed. Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendants' common course of conduct. The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and equitable handling of all class members' claims in a single forum. The conduct of this action as a class action conserves the resources of the parties and of the judicial system, and protects the rights of the class member. Furthermore, for many, if not most, class members, a class action is the only feasible mechanism that allows therein an opportunity for legal redress and justice.

46.    Adjudication of individual class members' claims with respect to the Defendants would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication, and could substantially impair or impede the ability of other class members to protect their interests.

**FIRST AMENDED CLASS ACTION COMPLAINT**

# FIRST CAUSE OF ACTION

## NEGLIGENCE

47. Plaintiffs reallege the preceding paragraphs as if fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

48. Defendants were the nominal owners of APP securities for Plaintiffs and the Class.

49. Defendants had the duty, pursuant to an order of the District Court, to follow the notice procedure outlined in the Official Notice of the settlement of the APP Litigation.

50. Defendants breached that duty by failing to either forward Official Notice of the APP Litigation settlement to Plaintiffs and the Class or to identify Plaintiffs and the Class so that Official Notice could have been sent by the settlement administrator.

51. As a direct and proximate cause of Defendants failure to comply with the notice requirements of the APP Litigation settlement, Plaintiffs and the Class have been damaged in an amount to be shown at trial.

WHEREFORE, Plaintiffs and the Class pray for relief as set forth below.

# SECOND CAUSE OF ACTION

## BREACH OF FIDUCIARY DUTY

52. Plaintiffs reallege the preceding paragraphs as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

53. Defendants were the nominal owners of APP securities.

54. Defendants held the APP securities for the benefit of Plaintiffs and the Class.

55. On the basis of this relationship, Defendants owed Plaintiffs and the Class the fiduciary duty of due care.

56. Defendants breached the fiduciary duty owed to Plaintiffs and the Class by failing to either forward Official Notice of the APP Litigation settlement to Plaintiffs and the Class or to identify Plaintiffs and the Class so that Official Notice could have been sent by the settlement administrator.

— 12 —
**FIRST AMENDED CLASS ACTION COMPLAINT**

57. As a direct and proximate cause of Defendants failure to comply with the notice requirements of the APP Litigation settlement, Plaintiffs and the Class have been damaged in an amount to be shown at trial.

WHEREFORE, Plaintiffs and the Class pray for relief as set forth below.

### THIRD CAUSE OF ACTION
### BREACH OF CONTRACT

58. Plaintiffs reallege the preceding paragraphs as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

59. Plaintiffs and the Class entered into a contract with Defendants for brokerage services.

60. One of the terms of the brokerage services agreement was that Defendants would provide Plaintiffs and the Class with all relevant information and communications they receive pertaining to Plaintiffs' and the Class' securities, including those held in Defendants' name for the benefit of Plaintiffs and the Class.

61. Defendants breached its contracts with Plaintiffs and the Class by failing to either forward Official Notice of the APP Litigation settlement to Plaintiffs and the Class and/or to identify Plaintiffs and the Class so that Official Notice could have been sent by the settlement administrator.

62. As a direct and proximate cause of Defendants failure to comply with the notice requirements of the APP Litigation settlement, Plaintiffs and the Class have been damaged in an amount to be shown at trial.

WHEREFORE, Plaintiffs and the Class pray for relief as set forth below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and members of the Class request that the Court enter an order or judgment against the Defendant as follows:

1. Certification of the proposed class and notice thereto to be paid by Defendants;

2. Adjudge and decree that Defendants has engaged in the conduct alleged herein;

3. For restitution and disgorgement on certain causes of action;

4. For compensatory and general damages according to proof on certain causes of action;

5. For special damages according to proof on certain causes of action;

6. For both pre and post-judgment interest at the maximum allowable rate on any amounts awarded;

7. Costs of the proceedings herein;

8. Reasonable attorneys fees as allowed by statute; and

9. Any and all such other and further relief that this Court may deem just and proper.

DATED: August 6, 2010          **KABATECK BROWN KELLNER LLP**

By: _____/s/_____
Brian S. Kabateck
Richard L. Kellner
Alfredo Torrijos
*Counsel for Plaintiffs and the proposed class*

— 14 —
**FIRST AMENDED CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury in the instant action.

DATED:  August 6, 2010        **KABATECK BROWN KELLNER LLP**

By: _____/s/_____
   Brian S. Kabateck
   Richard L. Kellner
   Alfredo Torrijos
   *Counsel for Plaintiffs and the proposed class*

**FIRST AMENDED CLASS ACTION COMPLAINT**