BINGHAM McCUTCHEN LLP
DONALD S. DAVIDSON (SBN 231908)
KEVIN J. WOODS (SBN 214819)
SARAH L. BISHOP (SBN 258051)
Three Embarcadero Center
San Francisco, CA  94111-4067
Telephone:  415.393.2000
Facsimile:  415.393.2286
donald.davidson@bingham.com
kevin.woods@bingham.com
sarah.bishop@bingham.com

BINGHAM McCUTCHEN LLP
MICHAEL D. BLANCHARD (*pro hac vice*)
One State Street
Hartford, CT 06103-3178
Telephone:  860.240.2700
Facsimile:  860.240.2800
michael.blanchard@bingham.com

Attorneys for Defendants
Wells Fargo Advisors, LLC, Wells Fargo Advisors
Financial Network, LLC, Wells Fargo Securities, LLC,
and Wells Fargo & Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE KAGAN, JAMES AVEN, LAURA JACOBS, JOSEPH SOFFA, and ALBERKRACK FAMILY LIMITED PARTNERSHIP, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>WACHOVIA SECURITIES, LLC, a North Carolina limited liability company; WACHOVIA SECURITIES FINANCIAL NETWORK, LLC, a North Carolina limited liability company; WACHOVIA CAPITAL MARKETS, LLC,  a North Carolina limited liability company; WELLS FARGO ADVISORS, LLC, a Delaware limited liability company; WELLS FARGO ADVISORS FINANCIAL NETWORK, LLC, a Delaware limited liability company; WELLS FARGO SECURITIES, LLC, a Delaware limited liability company; WELLS FARGO & COMPANY, a Delaware corporation and DOES 1 through 10, inclusive,<br><br>        Defendants. | No. CV 09 5337 SC<br><br>Hon. Samuel Conti<br><br>**ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT** |

Pursuant to Federal Rules of Civil Procedure 8(b) and 8(c), Wells Fargo Advisors, LLC (sued herein under its own name and also under the name Wachovia Securities, LLC), Wells Fargo Advisors Financial Network, LLC (sued herein under its own name and also under the name Wachovia Securities Financial Network, LLC), Wells Fargo Securities, LLC (sued herein under its own name and also under the name Wachovia Capital Markets, LLC), and Wells Fargo & Company (collectively, "Defendants") hereby respond to the allegations of plaintiffs Theodore Kagan, James Aven, Frances Levy, Elaine Soffa, Joseph Soffa, and Alberkrack Family Limited Partnership's (collectively "Plaintiffs") First Amended Class Action Complaint ("Complaint") as follows:

1. Paragraph 1 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny that this action may be brought as a class action or that the putative class may be certified as a class.

2. Defendants aver that the allegations set forth in Paragraph 2 of the Complaint purport to summarize or characterize other judicial proceedings as explained by documents filed therein, and therefore no response is required. To the extent that a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint, except admit that the documents filed in the alleged judicial proceedings provide a complete and accurate statement of their content.

3. Defendants deny the allegations set forth in Paragraph 3 of the Complaint.

2. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of the second Paragraph $2^1$ of the Complaint. Defendants admit the allegations set forth in the second sentence of the second Paragraph 2 of the Complaint.

3. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of the second Paragraph 3 of the Complaint.

---

[1] The paragraph numbering of the Complaint restarts at 2 in the section titled "The Parties." This Answer follows the Complaint's numbering.

Defendants admit the allegations set forth in the second sentence of Paragraph 3 of the Complaint.

4.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint, except that Defendants admit that the Laura A. Jacobs Trust was the beneficial owner of Asia Pulp & Paper Securities held by Wachovia.

5.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 5 of the Complaint. Defendants admit the allegations set forth in the second sentence of Paragraph 5 of the Complaint.

6.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 6 of the Complaint. Defendants admit the allegations set forth in the second sentence of Paragraph 6 of the Complaint.

7.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 7 of the Complaint. Defendants admit the allegations set forth in the second sentence of Paragraph 7 of the Complaint.

8.   Defendants deny the allegations set forth in Paragraph 8 of the Complaint, except that Defendants deny knowledge or information sufficient to form a belief as to what Plaintiffs were informed of and believe.

9.   Defendants deny the allegations set forth in Paragraph 9 of the Complaint, except that Defendants deny knowledge or information sufficient to form a belief as to what Plaintiffs were informed of and believe.

10.  Defendants deny the allegations set forth in Paragraph 10 of the Complaint, except that Defendants deny knowledge or information sufficient to form a belief as to what Plaintiffs were informed of and believe.

1       11.     Defendants deny the allegations set forth in Paragraph 11 of the Complaint, except that Defendants admit that Wells Fargo Advisors, L.L.C. is a Delaware limited liability company doing business in the State of California, and Defendants deny knowledge or information sufficient to form a belief as to what Plaintiffs were informed of and believe.

      12.     Defendants deny the allegations set forth in Paragraph 12 of the Complaint, except that Defendants admit that Wells Fargo Advisors, L.L.C. is a Delaware limited liability company doing business in the State of California, and Defendants deny knowledge or information sufficient to form a belief as to what Plaintiffs were informed of and believe.

      13.     Defendants deny the allegations set forth in Paragraph 13 of the Complaint, except that Defendants deny knowledge or information sufficient to form a belief as to what Plaintiffs were informed of and believe.

      14.     Defendants admit the allegations set forth in Paragraph 14 of the Complaint, except that Defendants deny knowledge or information sufficient to form a belief as to what Plaintiffs were informed of and believe.

      15.     Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in the first sentence of Paragraph 15 of the Complaint.  Defendants deny the allegations set forth in the second sentence of Paragraph 15 of the Complaint, except Defendants deny knowledge or information sufficient to form a belief as to what Plaintiffs were informed of and believe.  Defendants aver that the allegations in the third sentence of Paragraph 15 of the Complaint are merely descriptive of Plaintiffs' intentions and thus require no answer.  To the extent an answer is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 15 of the Complaint.

      16.     Paragraph 16 of the Complaint sets forth legal conclusions to which no response is required.  To the extent a response is required, Defendants: (1) deny that the amount in controversy exceeds five million dollars; (2) admit they have conducted business in the State of California-; and (3) deny knowledge or information sufficient to admit or deny whether a substantial number of the members of the proposed class are citizens of a state different from that of the defendants.

17. Paragraph 17 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 17 of the Complaint.

18. Defendants aver that the allegations set forth in Paragraph 18 of the Complaint purport to describe certain industry customs and practices without alleging facts particularly pertaining to Defendants, and Defendants deny that the allegations set forth a complete and accurate statement of such industry customs and practices.

19. Defendants aver that the allegations set forth in Paragraph 19 of the Complaint purport to summarize or characterize other judicial proceedings as explained by documents filed therein, and therefore no response is required. To the extent that a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint, except admit that the documents filed in the alleged judicial proceedings provide a complete and accurate statement of their content.

20. Defendants aver that the allegations set forth in Paragraph 20 of the Complaint purport to summarize or characterize other judicial proceedings as explained by documents filed therein, and therefore no response is required. To the extent that a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint, except admit that the documents filed in the alleged judicial proceedings provide a complete and accurate statement of their content.

21. Defendants aver that the allegations set forth in Paragraph 21 of the Complaint purport to summarize or characterize other judicial proceedings as explained by documents filed therein, and therefore no response is required. To the extent that a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint, except admit that the documents filed in the alleged judicial proceedings provide a complete and accurate statement of their content.

22. Defendants aver that the allegations set forth in Paragraph 22 of the Complaint purport to summarize or characterize other judicial proceedings as explained by documents filed therein, and therefore no response is required. To the extent that a response is required,

1  Defendants deny knowledge or information sufficient to form a belief as to the truth of the
2  allegations set forth in Paragraph 22 of the Complaint, except admit that the documents filed in
3  the alleged judicial proceedings provide a complete and accurate statement of their content.

4      23.    Paragraph 23 of the Complaint sets forth legal conclusions to which no response
5  is required. To the extent a response is required, Defendants deny the allegations set forth in
6  Paragraph 23 of the Complaint.

7      24.    Defendants deny the allegations set forth in Paragraph 24 of the Complaint.

8      25.    Defendants deny the allegations set forth in the first sentence of Paragraph 25 of
9  the Complaint, except admit that the Named Plaintiff alleged therein was the beneficial owner of
10 APP securities held in street name by a predecessor to certain of the Defendants. Defendants
11 deny knowledge or information sufficient to form a belief as to the truth of the allegations set
12 forth in the second sentence of Paragraph 25 of the Complaint. Defendants deny the allegations
13 set forth in the third sentence of Paragraph 25 of the Complaint, except Defendants deny
14 knowledge or information sufficient to form a belief as to the truth about actions the Named
15 Plaintiff may or may not have taken.

16     26.    Defendants deny knowledge or information sufficient to form a belief as to the
17 truth of the allegations set forth in Paragraph 26 of the Complaint.

18     27.    Defendants deny the allegations set forth in the first sentence of Paragraph 27 of
19 the Complaint, except admit that the Named Plaintiff alleged therein was the beneficial owner of
20 APP securities held in street name by a predecessor to certain of the Defendants. Defendants
21 deny knowledge or information sufficient to form a belief as to the truth of the allegations set
22 forth in the second sentence of Paragraph 27 of the Complaint. Defendants deny the allegations
23 set forth in the third sentence of Paragraph 27 of the Complaint, except Defendants deny
24 knowledge or information sufficient to form a belief as to the truth about actions the Named
25 Plaintiff may or may not have taken.

26     28.    Defendants deny knowledge or information sufficient to form a belief as to the
27 truth of the allegations set forth in Paragraph 28 of the Complaint.

28

1   29.   Defendants deny the allegations set forth in the first sentence of Paragraph 29 of the Complaint, except admit that the Named Plaintiff alleged therein was the beneficial owner of APP securities held in street name by a predecessor to certain of the Defendants.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of Paragraph 29 of the Complaint.  Defendants deny the allegations set forth in the third sentence of Paragraph 29 of the Complaint, except Defendants deny knowledge or information sufficient to form a belief as to the truth about actions the Named Plaintiff may or may not have taken.

30.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Complaint.

31.   Defendants deny the allegations set forth in the first sentence of Paragraph 31 of the Complaint, except admit that the Named Plaintiff alleged therein was the beneficial owner of APP securities held in street name by a predecessor to certain of the Defendants.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of Paragraph 31 of the Complaint.  Defendants deny the allegations set forth in the third sentence of Paragraph 31 of the Complaint, except Defendants deny knowledge or information sufficient to form a belief as to the truth about actions the Named Plaintiff may or may not have taken.

32.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Complaint.

33.   Defendants deny the allegations set forth in the first sentence of Paragraph 33 of the Complaint, except admit that the Named Plaintiff alleged therein was the beneficial owner of APP securities held in street name by a predecessor to certain of the Defendants.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of Paragraph 33 of the Complaint.  Defendants deny the allegations set forth in the third sentence of Paragraph 33 of the Complaint, except Defendants deny knowledge or information sufficient to form a belief as to the truth about actions the Named Plaintiff may or may not have taken.

1   34. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Complaint.

   35. Defendants deny the allegations set forth in the first sentence of Paragraph 35 of the Complaint, except admit that the Named Plaintiff alleged therein was the beneficial owner of APP securities held in street name by a predecessor to certain of the Defendants.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of Paragraph 35 of the Complaint.  Defendants deny the allegations set forth in the third sentence of Paragraph 35 of the Complaint, except Defendants deny knowledge or information sufficient to form a belief as to the truth about actions the Named Plaintiff may or may not have taken.

   36. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Complaint.

   37. Paragraph 37 of the Complaint sets forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that the allegations set forth in Paragraph 37 of the Complaint describe a class which could be certified under Rule 23, but admit that the Plaintiffs assert the class definition as alleged.

   38. Paragraph 38 of the Complaint sets forth legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that the allegations set forth in Paragraph 38 of the Complaint assert the class exclusions as alleged.

   39. Paragraph 39 of the Complaint sets forth legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that the allegations set forth in Paragraph 39 of the Complaint assert the Plaintiffs' intentions.

   40. Paragraph 40 of the Complaint sets forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that the proposed class is entitled to the relief alleged.

   41. Paragraph 41 of the Complaint sets forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 41 of the Complaint.

42. Paragraph 42 of the Complaint and its subparagraphs set forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 42 of the Complaint and its subparagraphs.

43. Paragraph 43 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Complaint.

44. Paragraph 44 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 44 of the Complaint.

45. Paragraph 45 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 45 of the Complaint.

46. Paragraph 46 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 46 of the Complaint.

47. As to Paragraph 49 of the Complaint, Defendants reallege their responses to the preceding paragraphs of the Complaint as if fully set forth herein.

48. Defendants deny the allegations set forth in Paragraph 48 of the Complaint, except admit that certain of the Defendants as successors in interest were nominal holders of APP securities beneficially owned by certain Named Plaintiffs.

49. Paragraph 49 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 49 of the Complaint.

50. Defendants deny the allegations set forth in Paragraph 50 of the Complaint.

51. Defendants deny the allegations set forth in Paragraph 51 of the Complaint.

52. As to Paragraph 52 of the Complaint, Defendants reallege their responses to the preceding paragraphs of the Complaint as if fully set forth herein.

1 | 53. Defendants deny the allegations set forth in Paragraph 53 of the Complaint,
2 | except admit that certain of the Defendants as successors in interest were nominal holders of
3 | APP securities.
4 | 54. Defendants deny the allegations set forth in Paragraph 54 of the Complaint,
5 | except admit that certain of the Defendants were nominal holders of APP securities beneficially
6 | owned by certain Named Plaintiffs.
7 | 55. Paragraph 55 of the Complaint sets forth legal conclusions to which no response
8 | is required. To the extent a response is required, Defendants deny the allegations set forth in
9 | Paragraph 55 of the Complaint.
10 | 56. Defendants deny the allegations set forth in Paragraph 56 of the Complaint.
11 | 57. Defendants deny the allegations set forth in Paragraph 57 of the Complaint.
12 | 58. As to Paragraph 58 of the Complaint, Defendants reallege their responses to the
13 | preceding paragraphs of the Complaint as if fully set forth herein.
14 | 59. Defendants deny the allegations set forth in Paragraph 59 of the Complaint.
15 | 60. Defendants deny the allegations set forth in Paragraph 60 of the Complaint.
16 | 61. Defendants deny the allegations set forth in Paragraph 61 of the Complaint.
17 | 62. Defendants deny the allegations set forth in Paragraph 62 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### Failure To State a Claim

1. The Complaint and each cause of action alleged therein against Defendants fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

#### Not Maintainable as a Class Action

2. This action is not maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure because, alternatively,

    a. Plaintiffs will not fairly and adequately protect the interests of the class on behalf of which they purport to bring this action.

b. Plaintiffs' claims are not typical of the claims of the purported class.

c. Questions of law or fact common to the purported class do not predominate over questions affecting only individual members of the purported class.

d. Part or all of the purported class is not numerous.

e. The purported class is not ascertainable.

f. The purported class is not manageable.

g. The purported benefits obtainable by the class are insufficient in light of the costs.

h. The other requirements of Federal Rule of Civil Procedure 23 and cases construing Rule 23 have not been met.

### THIRD AFFIRMATIVE DEFENSE

#### Statute of Frauds

3. Plaintiffs and the putative class are precluded from obtaining the relief they seek because their claims are barred, in whole or in part, by the statute of frauds.

### FOURTH AFFIRMATIVE DEFENSE

#### Estoppel

4. Plaintiffs and the putative class are precluded from obtaining the relief they seek because their claims are barred, in whole or in part, by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

#### Failure of Consideration

5. Plaintiffs and the putative class are precluded from obtaining the relief they seek because their claims are barred, in whole or in part, by the doctrine of failure of consideration.

### SIXTH AFFIRMATIVE DEFENSE

#### Laches

6. Plaintiffs and the putative class are precluded from obtaining the relief they seek because their claims are barred, in whole or in part, by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

### Unclean Hands

7. Plaintiffs and the putative class are precluded from obtaining the relief they seek because their claims are barred, in whole or in part, by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

### Causation

8. Plaintiffs and the putative class are precluded from obtaining the relief they seek because Plaintiffs have not been damaged by Defendants.

## NINTH AFFIRMATIVE DEFENSE

### Failure to Mitigate

9. To the extent that Plaintiffs and the putative class failed to make reasonable efforts to mitigate, minimize or avoid any damages allegedly sustained, any damages against Defendants are barred. To the extent that Plaintiffs and the putative class mitigated, minimized or avoided any damages allegedly sustained, any damages must be reduced by that amount.

## TENTH AFFIRMATIVE DEFENSE

### Comparative Negligence

10. Plaintiffs and the putative class are precluded from obtaining the relief they seek because any damage suffered by Plaintiffs and the putative class is the result of their own conduct, acts and/or omissions, or are the consequence of the conduct, acts and/or omissions of third persons, not Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

### No Breach of Contract

11. Plaintiffs and the putative class are precluded from obtaining the relief they seek because Defendants have not breached any contractual obligation, either express or implied, owed to Plaintiffs and the putative class.

## TWELFTH AFFIRMATIVE DEFENSE

### Statute of Limitations

12. Plaintiffs and the putative class are precluded from obtaining the relief they seek because their claims are barred, in whole or in part, by the applicable statutes of limitation and repose, including but not limited to California Code of Civil Procedure sections 337(1), 337.5(3), 339(1), and 343.

## THIRTEENTH AFFIRMATIVE DEFENSE

### Ratification

13. Plaintiffs and the putative class are precluded from obtaining the relief they seek because their claims are barred, in whole or in part, by their own ratification.

## FOURTEENTH AFFIRMATIVE DEFENSE

### No Contractual Obligation

14. Plaintiffs and the putative class are precluded from obtaining the relief they seek because Defendants did not owe the contractual obligation to Plaintiffs that is alleged in their Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

### No Damages

15. Plaintiffs and the putative class are precluded from obtaining the relief they seek because Plaintiffs and the putative class suffered no damages by reason of the acts complained of in the Complaint. Plaintiffs and the putative class were not entitled to any recovery under the settlement agreement in question.

## SIXTEENTH AFFIRMATIVE DEFENSE

### Waiver

16. Plaintiffs and the putative class are precluded from obtaining the relief they seek because their claims are barred, in whole or in part, by the doctrine of waiver.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### Absence of Special Relationship and Duty

17. Plaintiffs and the putative class are precluded from obtaining the relief they seek because Defendants did not have a special relationship with Plaintiffs or otherwise owe any duty to them.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### All Duties Performed

18. Plaintiffs and the putative class are precluded from obtaining the relief they seek because, to the extent that Defendants owed any duties to Plaintiffs and the putative class, they performed all obligations owed to Plaintiffs and the putative class.

## NINETEENTH AFFIRMATIVE DEFENSE

### Parol Evidence Rule

19. Plaintiffs and the putative class are precluded from obtaining the relief they seek because their claims are barred, in whole or in part, by the parol evidence rule.

## TWENTIETH AFFIRMATIVE DEFENSE

### Assumption of Risk

20. Plaintiffs are precluded from obtaining the relief they seek because their claims are barred, in whole or in part, by the doctrine of assumption of risk.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### Reservation of Rights

21. Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserves their rights to amend this answer and assert all such defenses.

## PRAYER FOR RELIEF

**WHEREFORE,** Defendants pray that the Court enter judgment:

a. dismissing the Complaint in its entirety;

b. awarding Defendants their costs and reasonable expenses and attorneys' fees;

1      c.      for judgment in favor of Defendants; and

2      d.      awarding such other and further relief as this Court deems just and

3                proper.

DATED:  December 13, 2010

                               BINGHAM MCCUTCHEN LLP

                             By:        /s/ Sarah L. Bishop
                                            Donald S. Davidson
                                            Michael D. Blanchard
                                            Kevin J. Woods
                                            Sarah L. Bishop
                                           Attorneys for Defendants
                               Wells Fargo Advisors, LLC, Wells Fargo
                             Advisors Financial Network, LLC, Wells Fargo
                             Securities, LLC, and Wells Fargo & Company